IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BONITA CROWDER, FERN KNOWLES, SHARON ASLIN, MAXINE GATES, individually, and on behalf of all persons similarly situated, § § § § § | | |
| Plaintiffs, § § | | |
| v. § § | Civil Action Number: 3:09-cv-2181-M | |
| THE VILLAGE OF KAUFMAN, LTD., A TEXAS LIMITED PARTNERSHIP, APARTMENT INVESTMENT AND MANAGEMENT COMPANY, A MARYLAND CORPORATION AND THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, § § § § § § § § § | | |
| Defendants. § § | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss of Defendant United States Department of Housing and Urban Development ("HUD") [Docket Entry #8]. For the reasons stated below, the Motion is **DENIED**.

*Background*

Plaintiffs are tenants of The Village of Kaufman ("Kaufman"), a privately owned housing complex subsidized under Section 8, as administered by HUD.[1]  Tenants of Kaufman pay their own utility bills, but receive a utility allowance established by HUD to cover their reasonable

---
[1] Compl. at ¶¶ 1-2.

1

utility expenses.[2] A Section 8 tenant's total payment for rent and utilities cannot exceed a certain percentage, which is generally 30%, of a tenant's income.[3] If HUD's utility allowance to a tenant is too low, the combined cost of rent and utilities may exceed 30% of a tenant's income.[4]

The owner of a Section 8 housing project is responsible for requesting a utility allowance increase from HUD.[5] Owners who request an increase in HUD authorized rent must recommend a utility allowance for each unit type, include the owner's "best estimate of the average monthly utility costs that an energy conscious resident will incur for the year," describe the covered utilities, state whether any rate changes were implemented during the past twelve months or are anticipated for the next twelve months, and identify the impact of energy conservation steps on consumption.[6] Whenever a utility rate change could cause a cumulative increase of ten percent or more in the most recently approved utility allowance, the owner of the housing project *must* request HUD approval for a revised utility allowance, in addition to submitting a standard summary in support of the proposed change.[7]

Plaintiffs allege that Kaufman sought adjustment of its utility allowance from HUD only once between 2000 and 2009, despite the fact that utility rates increased more than ten percent over that period.[8] HUD denied Kaufman's request in February 2008 for a rent increase, which included a requested increase in the utility allowance.[9] In response to Plaintiffs' demands, in

---

[2] HUD Handbook 4350.1, REV-1: Multifamily Asset Mgmt. & Project Servicing, 7-4c, 7-24, *available at* http://www.hud.gov/offices/adm/hudclips/handbooks/hsgh/4350.1/index.cfm.
[3] *See* 42 U.S.C. § 1437a(a)(1); 24 C.F.R. § 5.628.
[4] *See generally Johnson v. Hous. Auth. of Jefferson Parish*, 442 F.3d 356, 362 (5th Cir. 2006).
[5] HUD Handbook at 7-24.
[6] *Id.*
[7] *Id.*; *see generally McDowell v. Philadelphia Hous. Auth.*, 423 F.3d 233, 236 (3d Cir. 2005).
[8] Compl. at ¶ 39.
[9] Compl. at ¶ 3.

August 2009, HUD approved substantial utility allowance increases, ranging from an increase of 127% for a one bedroom unit to an increase of 204% for a three bedroom unit.[10]

Plaintiffs allege that the failure to increase their utility allowance resulted in their payment of excessive rents. HUD moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of standing, contending that Plaintiffs failed to allege a causal connection between their injuries and HUD's conduct, because Kaufman's 2008 request was submitted with insufficient supporting documentation.

*Legal Standard*

To establish standing, Plaintiffs must establish, at minimum, three elements: "injury in fact, a 'fairly traceable' causal link between that injury and the defendant's conduct, and the likelihood that the injury will be 'redressed by a favorable decision.'"[11] A 12(b)(1) motion that challenges standing based on the pleadings is considered a facial attack, and the court reviews only the sufficiency of the allegations in the pleading, presuming them to be true.[12] If a defendant makes a factual attack on subject matter jurisdiction by submitting evidence, such as affidavits and testimony, the plaintiff must submit evidence and prove that the court has jurisdiction by a preponderance of the evidence.[13] If the defendant's evidence does not challenge any factual matters necessary to determine standing, the motion will be treated as a facial attack, rather than a factual attack.[14]

---

[10] Compl. at ¶ 43.
[11] *Cadle Co. v. Neubauer*, 562 F.3d 369, 371 (5th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).
[12] *See Inclusive Cmtys. Project v. U.S. Dept. of Hous. & Urban Dev.*, No. 3:07-CV-0945-O, 2009 WL 3122610, at *3 (N.D. Tex. Sept. 29, 2009) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)).
[13] *Id.* (citing *Middle S. En., Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)).
[14] *Id.*; *see, e.g.*, *Estate of Merkel v. United States*, No. 3:06-CV-1891-D, 2008 WL 5378183, at *2 n.2 (N.D. Tex. Dec. 23, 2008); *IBEW-NECA Sw. Health & Benefit Fund v. Winstel*, No. 3:06-CV-38-D, 2006 WL 954010, at *1 (N.D. Tex. Apr. 12, 2006).

*Analysis*

**1. Factual Attack**

Along with its Motion to Dismiss, HUD filed an affidavit of Kathryn Price Vaughn, its Supervisory Project Manager in the Fort Worth, Texas Multifamily Center.[15] Vaughn states: "Insufficient documentation from owner [is] not available in the project files to make a determination regarding the UA [utility allowance] update."[16] Considering the double negative ("insufficient documentation . . . not available"), this statement seems to suggest that sufficient documentation *was* available. Although HUD interprets this statement as proving that Kaufman submitted insufficient documentation in 2008, which made it impossible, or at least inappropriate, for HUD to increase the utility allowance, that conclusion does not necessarily follow. Vaughn was assigned to Kaufman in March 2009, and does not appear to have any personal knowledge of the 2008 request, which she learned about from the project manager and her review of project files.[17] Vaughn does not state that Kaufman provided insufficient documentation in 2008 or explain what required information was missing from the file. If HUD finds deficiencies in a request, it is required to discuss its concerns with the owner, request additional needed information, and document its reasons for deviating from the owner's requested allowance.[18] Vaughn does not assert that these steps were taken. Because the information in Vaughn's affidavit does not bear on whether the denial by HUD of a 2008 utility allowance increase was arbitrary and capricious, the affidavit does not challenge any factual

---

[15] Dkt. No. 8 (Vaughn Decl.) at ¶ 1.
[16] *Id.* at ¶ 5.
[17] *Id.* at ¶ 2.
[18] HUD Handbook at 7-35(C)-(D).

matters necessary to the determination of standing, and the Motion therefore is to be treated as a facial attack.[19]

## 2. Standing

Plaintiffs allege that HUD knew or should have known in 2008 that the utility allowance for Kaufman had not been adjusted since at least 2000, and that the utility rates had increased ten percent or more since the allowance was last adjusted.[20] Plaintiffs assert that HUD's refusal to grant an increase was arbitrary and capricious, and resulted in their payment of excessive rent.[21] Assuming these allegations to be true, Plaintiffs have alleged a causal link between HUD's conduct and their injuries.

*Conclusion*

For the reasons stated above, HUD's Motion to Dismiss is **DENIED**.

**SO ORDERED.**

July 7, 2010.

                                                      BARBARA M. G. LYNN
                                                    UNITED STATES DISTRICT JUDGE
                                                    **NORTHERN DISTRICT OF TEXAS**

---

[19] Treating this Motion as a facial attack, the Court does not consider the Declaration appended to Plaintiffs' response or the portions of the administrative record cited in Plaintiffs' supplemental response.
[20] Compl. at ¶ 51.
[21] *Id.* at ¶ 52.